IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:07-CR-075-D |
| VS. | § | |
| | § | |
| ETIENNE KONAN, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Etienne Konan ("Konan") moves to withdraw his guilty plea. For the reasons that follow, the court denies the motion.

I

On March 7, 2007 Konan was indicted on one count of making false declarations before a grand jury or court, in violation of 18 U.S.C. § 1623. One week before the July 10, 2007 trial setting, Konan advised the government that he desired to plead guilty. The court conducted a Fed. R. Crim. P. 11 plea hearing on July 3, 2007, at which Konan entered his guilty plea. The court set sentencing for October 5, 2007.

On September 14, 2007—over two months after he pleaded guilty and after the presentence report ("PSR") was prepared and disclosed—Konan filed a motion to withdraw guilty plea under Rule 11(d)(2)(B). Represented by another attorney (his present counsel has never been granted leave to withdraw), Konan contends in a conclusory 1½ page motion that he should be allowed to withdraw his guilty plea. The government opposes the motion.[1]

---

[1] The government points out that Konan is now represented by someone who is in effect his third attorney. *See* Resp. 1.

II

A

Fed. R. Crim. P. 11(d)(2)(B) provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."

> A defendant does not have an absolute right to withdraw his guilty plea. When requesting withdrawal before sentencing, the defendant must show a fair and just reason for the request. When determining whether a fair and just reason has been shown, a court considers the factors set forth in *United States v. Carr.* The factors include whether (1) the defendant has asserted his innocence, (2) the government would be prejudiced, (3) the defendant delayed in requesting the withdrawal, (4) the court would be substantially inconvenienced, (5) the close assistance of counsel was available, (6) the plea was knowing and voluntary, (7) the withdrawal would waste judicial resources, and as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion.

*United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007) (quoting *United States v. Powell,* 354 F.3d 362, 370 (5th Cir.2003), Rule 11(d)(2)(B), and *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir.1984) (footnotes, brackets, and internal quotation marks omitted)). "A mere change of mind is insufficient to permit the withdrawal of a guilty plea before sentencing." *Id.* at 316-17 (brackets, internal quotation marks, and ellipsis omitted) (quoting *United States v. Glinsey*, 209 F.3d 386, 397 (5th Cir. 2000)). "Withdrawal is permitted for pleas unknowingly made; the purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.* at 317 (brackets and internal quotation marks omitted) (quoting *Carr*, 740 F.2d at 345).

"The defendant bears the burden of establishing a fair and just reason for withdrawing his

plea." *Powell,* 354 F.3d at 370 (citing *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir. 1998)). "The district court's decision to permit or deny the motion is based on the totality of the circumstances." *Id.* (citing *Brewster*, 137 F.3d at 858). "[T]he district court is not required to make findings as to each of the *Carr* factors." *Id.* (citing *Brewster*, 137 F.3d at 858). Konan does not explicitly address all the *Carr* factors in his motion. The government addresses each factor in its response.

A defendant is "not entitled to an evidentiary hearing, [although] a hearing is required 'when the defendant alleges sufficient facts which, if proven, would justify relief.'" *Id.* (quoting *United States v. Mergist,* 738 F.2d 645, 648 (5th Cir. 1984)). "[A] district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion." *Id.* (citing *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983)). In *Powell* the circuit court found no such abuse of discretion where the defendant alleged numerous reasons for allowing her guilty plea to be withdrawn but, even if they were all true, under the totality of the *Carr* factors, they clearly did not tip in her favor, and there was no indication that the district court made any clear errors in assessing the evidence pertaining to the defendant's plea. *Id.* at 371. The Fifth Circuit has also upheld the denial of an evidentiary hearing where the defendant "did not assert his innocence, delayed several weeks before seeking to withdraw his plea, and entered his plea with the assistance of counsel." *Washington*, 480 F.3d at 317. The court holds that Konan's motion is insufficient to warrant convening an evidentiary hearing, particularly considering the substantial evidence developed during the plea hearing that defeats his claim that his plea was not knowing or voluntary.

B

1

The first *Carr* factor inquires whether a defendant has asserted his innocence. Konan asserts in his motion "that he is in fact not guilty of the offense charged and was entering a plea of guilty only for reasons not based on his guilt." Mot. 1.[2] This factor weighs in his favor.

2

The second *Carr* factor is whether the government would be prejudiced if the motion were granted. This factor intertwines with the fourth factor—whether the court would be substantially inconvenienced—and the seventh *Carr* factor—whether the withdrawal would waste judicial resources.

Although Konan has the burden on his motion, he has made no attempt to address any of these three factors. The government—who does not have the burden—has affirmatively established that it would be prejudiced by the granting of the motion. The government was fully prepared for trial on July 10. It had made the required pretrial filings, readied its witnesses, and assembled its documentary evidence. As the government points out, it anticipated going to trial when scheduled, and if its counsel—with a heavy trial docket of her own—were now required after a lapse of several months to prepare anew for trial, it would clearly be prejudiced.

Although the court would be inconvenienced by granting Konan's motion—it was prepared to try the case in July—it would not be *substantially* inconvenienced.

---

[2]The government contends that Konan has not asserted his innocence because he is relying on an unsupported protestation of innocence. Resp. 8. It maintains that the statement in his motion is nothing more than an unsubstantiated assertion that he is not guilty. The court will treat the statement in Konan's motion as a sufficient assertion that he is innocent.

Allowing Konan to withdraw his plea would waste judicial resources. Excluding the waste associated with the guilty plea proceeding—which will always arise and therefore should not be considered—the court prepared for the earlier trial setting and was ready to try the case. The judicial resources devoted to preparing for the July trial would largely be wasted by granting the motion.

The court therefore concludes that the *Carr* factors that consider whether the government would be prejudiced and whether withdrawal would waste judicial resources support denying the motion. The court holds that it would not be substantially inconvenienced by allowing Konan to withdraw his guilty plea, and this factor favors granting the motion.

3

The third *Carr* factor—whether Konan has delayed in filing his withdrawal motion—also weighs against granting his motion. Konan pleaded guilty on July 3, 2007. The PSR was disclosed on August 24, 2007. Konan waited until September 14, 2007, over two months after pleading guilty, and after the PSR was prepared and disclosed, to move to withdraw his plea.

As *Carr* teaches, "[w]ithdrawal is permitted for pleas unknowingly made; the purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Washington*, 480 F.3d at 317 (brackets and internal quotation marks omitted) (quoting *Carr*, 740 F.2d at 345). Konan does not explain why he waited as long as he did to move to withdraw his plea. The fact that he waited until after the PSR was prepared and disclosed tends to establish that he made a tactical choice that he is now seeking to undo in view of the PSR's calculation of the advisory guideline range, or that he has simply changed his mind about pleading guilty. This factor weighs against granting Konan's motion.

4

The fifth *Carr* factor is whether close assistance of counsel was available. The transcript of the plea hearing, and the plea agreement and factual resume, show that Konan had close assistance of counsel. Konan does not assert in his motion that he lacked close assistance of counsel. In response to one of the court's questions during the plea hearing, he testified under oath that he was fully satisfied with his attorney and the representation and advice given him by his attorney. Tr. 7. This factor also weighs against granting Konan's motion.

5

The sixth *Carr* factor is whether the original plea was knowing and voluntary. Konan asserts that "despite the statements to the contrary contained in the plea agreement, he did not fully understand the contents or ramifications of his guilty plea and, therefore, his plea was not knowing and voluntary." Mot. 1. He also avers that he "is from Africa and does not completely and fully understand or speak the English language." *Id.* The court rejects both assertions.

Konan's statements in the plea agreement are not the only ones that establish that his plea was knowing and voluntary. The court conducted a careful and thorough plea hearing during which it asked Konan numerous questions that he answered under oath. In a series of several questions, the court specifically asked Konan whether he understood the charge against him, the consequences of pleading guilty (i.e., the punishment provided by law and how the advisory sentencing guidelines might affect his sentence), the specific rights he was relinquishing by pleading guilty, and the plea documents he had signed. In the end, the court expressly found based on its observation of Konan, his responses under oath, and the responses of his counsel that Konan's "plea of guilty is a knowing and voluntary plea." *Id.* at 20.

Konan's assertion that he "does not completely and fully understand or speak the English language" is belied by his responses under oath to the court's questions during the plea hearing. The court specifically asked Konan whether he had "any difficulty reading or understanding English," and Konan testified under oath that he did not. *Id.* at 4. Konan advised the court that it could assume that he did understand the court's English, *id.*, he stated that he was at all times satisfied with the court's use of the English language, *id.* at 22, and he testified that he understood the plea papers he had signed, *id.* at 7-8 (plea agreement) and 18-19 (factual resume). His counsel confirmed that Konan understood the plea papers before he signed them. *Id.* at 8 and 19.

The court adheres to its finding that Konan's guilty plea was knowing and voluntary. This factor supports denying his motion.

6

Having considered the *Carr* factors under the totality of the circumstances, the court concludes that Konan's motion should be denied.

III

In his conclusory motion, Konan has not shown a fair and just reason for requesting that his guilty plea be withdrawn. Konan's September 14, 2007 motion to withdraw guilty plea is denied. The court will sentence Konan, as scheduled, on October 5, 2007 at 9:00 a.m.

**SO ORDERED**.

October 2, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE